THE ATTORNEY GENERAL HAS REQUESTED THAT I RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION ASKING, IN EFFECT:
 1. UNDER WHAT AUTHORITY MAY A PRIVATELY OWNED AND OPERATED PRISON FACILITY BE OPERATED WITHIN THE STATE OF OKLAHOMA?
 2. UNDER WHAT AUTHORITY MAY SUCH A FACILITY ACCEPT PRISONERS FOR INCARCERATION FROM OTHER STATES?
 3. DOES THE SECURITY CLASSIFICATION OF PRISONERS BY THE DEPARTMENT OF CORRECTIONS HAVE ANY IMPACT ON THE ANSWERS TO THESE QUESTIONS?
IT APPEARS THAT IT IS NOT NECESSARY TO RESPOND TO YOUR INQUIRY BY THE ISSUANCE OF A FORMAL OPINION BECAUSE A CLEAR READING OF SEVERAL STATUTES AND COURT CASES DISCLOSES THE FOLLOWING ANSWERS TO YOUR QUESTIONS.
I.
THE OKLAHOMA STATUTES PROVIDE FOR THE OPERATION OF PRIVATE PRISON FACILITIES WITHIN THE STATE OF OKLAHOMA. TITLE 57 O.S. 561/57 O.S. 563(A) AND 57 O.S. 563.1 (1990) SPECIFICALLY SPEAK TO THE OPERATION OF SUCH FACILITIES. WHILE THERE ARE NO STATUTES WHICH SPECIFICALLY GOVERN THE DAY TO DAY OPERATION OF PRIVATE PRISON FACILITIES, IT APPEARS FROM THESE SECTIONS OF TITLE 57 THAT THE LEGISLATURE HAS AUTHORIZED THE EXISTENCE OF THESE FACILITIES.
THERE IS NO AUTHORITY IN THE OKLAHOMA STATUTES WHICH WOULD PERMIT A PRIVATE PRISON FACILITY TO IMPORT PRISONERS FROM OTHER STATES. LIKEWISE, THERE IS NO SPECIFIC AUTHORITY IN THE STATUTES WHICH BARS THIS TYPE OF IMPORTATION. LEGISLATIVE SILENCE SUCH AS THIS MAY BE IMPORTANT SINCE "LEGISLATIVE SILENCE, WHEN IT HAS AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO AN IMPLICATION OF LEGISLATIVE INTENT. CITY OF DUNCAN V. BINGHAM, 394 P.2D 456, 460 (OKL.1964). IN A MATTER INVOLVING SOMETHING AS IMPORTANT AS TRANSPORTING CONVICTED FELONS INTO THE STATE, LEGISLATIVE SILENCE IN THE STATUTE PROVIDING FOR THE CONTRACTING OF PRISON SPACE AND OPERATIONS MAY BE A PROHIBITION OF THIS ACTIVITY.
III.
THE QUESTION OF CLASSIFICATION OF PRISONERS IN A PRIVATE PRISON IS ONE THAT MAY NOT BE READILY ANSWERED. THE STATUTES ARE COMPLETELY SILENT AS TO WHO SHOULD DO THE CLASSIFICATIONS AND WHAT LEVEL OF PRISONERS WOULD BE ALLOWED IN PRIVATE PRISON FACILITIES. TITLE 57 O.S. 561(B) DOES, HOWEVER, STATE THAT ANY PRIVATE PRISON CONTRACTOR WORKING WITH THE DEPARTMENT OF CORRECTIONS SHALL MEET STANDARDS PRESCRIBED BY THE BOARD OF CORRECTIONS, INCLUDING BUT NOT LIMITED TO STANDARDS CONCERNING INTERNAL AND PERIMETER SECURITY AND THE DISCIPLINE OF INMATES. SINCE THE CLASSIFICATION OF PRISONERS IS USUALLY REGARDED AS A SECURITY MATTER, THE PRIVATE CORRECTIONAL FACILITY WOULD, IN ALL LIKELIHOOD, BE FORCED TO FOLLOW THE GUIDELINES SET BY THE DEPARTMENT OF CORRECTIONS IN ORDER TO FULFILL THE STATUTORY REQUIREMENTS NECESSARY TO RETAIN THE OPERATING CONTRACT. ADDITIONALLY, SHOULD THE PRIVATE PRISON ENTER INTO A CONTRACT TO HOUSE INMATES FOR THE OKLAHOMA DEPARTMENT OF CORRECTIONS, THE PRIVATE PRISON WOULD BE REQUIRED TO FOLLOW DOC CLASSIFICATION PROCEDURES.
(STEVEN SPEARS KERR)